IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICK DEON HOWARD, ID # 769553 ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 3:10-CV-1731-P-BH |
| ) | |
| RICK THALER,¹ Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

After having pled not guilty to capital murder, petitioner was convicted by a jury of the lesser-included offense of murder in Cause No. F96-17437-MK on November 11, 1996. (Petition (Pet.) at 2; *see also Howard v. State*, 1999 WL 233432, No. 05-96-01917-CR (Tex. App.–Dallas April 22, 1999). He was sentenced to life imprisonment. *Id*. Petitioner filed an appeal challenging the admission of an unadjudicated offense at the punishment phase of his trial. *Howard v. State*, slip op at 1. The Fifth District Court of Appeals affirmed petitioner's conviction in an unpublished

---

¹ Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of petitioner. Because petitioner challenges a conviction that has resulted in his incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its director has custody of him. TDCJ-CID Director Rick Thaler is therefore substituted as respondent in this case.

opinion on April 22, 1999. *Id*. He did not file a petition for discretionary review.

Over ten years later, on September 23, 2009, petitioner filed his first state application for writ of habeas corpus challenging his conviction. (Pet. at 3; *see* www.dallascounty.org, search petitioner's criminal history). The Court of Criminal Appeals denied the application without a written order on December 9, 2009. (*Id*.at 4). *See Ex parte Howard*, WR-35,620-04 (Tex. Crim. App. Dec. 9, 2009). Petitioner mailed his federal petition on August 27, 2010. (Pet. at 9).

## II. STATUTE OF LIMITATIONS

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Title I substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D). Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore

calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

Petitioner first claims that his conviction is void because a different criminal court indicted him than the court in which he was convicted and because the cause number on the jury instructions provided to the jury at the punishment phase of his trial contains a numerical clerical error. (Pet. at 7; Memorandum (Mem.), Ex. A). He also claims that his sentence was improperly enhanced. (Pet. at 7). Under subparagraph (D), the facts supporting these claims became known or could have become known prior to the date petitioner's state judgment of conviction became final. Because he filed his petition more than one year after his conviction became final in 1999, a literal application of § 2244(d)(1) renders the first two claims in his August 27, 2010, federal habeas filing[2] untimely.

In his third ground for relief, petitioner claims that his name is listed incorrectly on a time slip he received from the TDCJ on February 18, 2009, and he was therefore charged and convicted under the wrong name. (Pet. at 7, Mem. at 3, Ex. B). Under subparagraph (D), the facts supporting this claim became known or could have become known by February 18, 2009. Because petitioner filed his petition more than one year after this date, a literal application of § 2244(d)(1) also renders this claim untimely.

## B. Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2)

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

3

(emphasis added). The one-year limitations period for petitioner to file the first two claims in his federal petition concerning his conviction ended in 2000, many years before he filed his state habeas application in 2009. Accordingly, his state application did not toll the limitations period with respect to these two claims. As for his third claim, petitioner filed his state habeas application on September 23, 2009, after 217 days had elapsed from when the one-year limitations period began, February 18, 2009. The one-year limitations period was tolled until December 9, 2009, when his state writ was denied by the Court of Criminal Appeals. The one-year limitations period began to run again on December 10, 2009, and another 260 days elapsed before petitioner filed his federal petition on August 27, 2010. Petitioner filed his federal petition after the one-year time period for filing his third claim for relief had ended. Accordingly, the statutory tolling provision does not save any of petitioner's claims.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary

4

circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, petitioner presented no argument or evidence that he diligently pursued his rights or that extraordinary circumstances prevented him from filing either his state writ or his federal petition earlier. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 15th day of September, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                       _____
                        IRMA CARRILLO RAMIREZ
                        UNITED STATES MAGISTRATE JUDGE